IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MICHAEL GRANDY,

    Plaintiff,

vs.

ME TECHNOLOGY, INC. FLORIDA,
a New York corporation,

    Defendant.
_____/

### COMPLAINT FOR DAMAGES

    Plaintiff, MICHAEL GRANDY, sues Defendants, ME TECHNOLOGY, INC. FLORIDA, and shows:

### Introduction

    1.    This is an action by MICHAEL GRANDY against his former employer for unpaid overtime and unpaid commissions pursuant to the Fair Labor Standards Act and Florida Statutes Chapter 448. As part of Plaintiff's claim for unpaid commissions, Plaintiff also demands an accounting. In addition, Plaintiff seeks reasonable attorney's fees and costs.

### Jurisdiction

    2.    This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, as well as Florida Statutes § 448.08. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction of Plaintiff's claims arising under Florida Statutes Chapter 448 pursuant to 28 U.S.C. § 1367 because the federal and state claims are so related that they form part of the same case or controversy.

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, MICHAEL GRANDY, (hereinafter "GRANDY") a resident of Warrington, Pennsylvania, was at all times material, employed by ME TECHNOLOGY, INC. FLORIDA, as a salaried and commissioned sales person, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ME TECHNOLOGY, INC. FLORIDA, was engaged in interstate commerce or in the production of goods for commerce. To wit: GRANDY performed his job of selling handgun conversion kits remotely from Pennsylvania regularly utilizing the instrumentalities of interstate commerce communicating with customers throughout the U.S. for the purpose of making sales and servicing customer accounts via telephone and internet.

5. Defendant, ME TECHNOLOGY, INC. FLORIDA (hereinafter, "ME TECHNOLOGY"), is a New York Corporation with operational headquarters in Broward County, Florida, and is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has at least two employees engaged in interstate commerce who are subject to the provisions of the FLSA, 29 U.S.C. § 207.

6. Since 2015, Plaintiff has held the position of Regional Sales Manager for ME TECHNOLOGY. It was the parties' agreement that Plaintiff was to receive commissions in the amount of 2.5% for all gross sales made by him.

7. Sometime in 2019, Defendant arbitrarily started to transfer some of Plaintiff's larger accounts away from him and reclassified Plaintiff's accounts as "house" accounts,

thereby depriving Plaintiff of commissions related to those transferred accounts. Despite transferring these accounts, Plaintiff continued to sell to and service the transferred accounts.

8. Defendant, throughout Plaintiff's employment, failed to fully pay him for all wages and commissions that were earned and owed.

9. Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreement.

### Count I – Violation of FLSA by ME TECHNOLOGY – Overtime

10. Plaintiff, MICHAEL GRANDY, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 9 above.

11. Since January 2018 up to and including November 24, 2020, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically GRANDY, since January 2018, has worked in excess of 40 hours per week nearly every week of his employment, and was not compensated for the work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

12. The failure to pay overtime compensation to GRANDY is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee, or in the alternative, if GRANDY was exempt, Defendant's actions and/or conduct have effectively removed any exemption that may have applied to GRANDY.

13. Defendant's actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and GRANDY's status as non-exempt, but chose not to pay him in accordance with the Act.

14. GRANDY is entitled pursuant to 29 U.S.C. § 216(b), to recover from ME TECHNOLOGY:

   a. all unpaid overtime that is due;

   b. as liquidated damages, an amount equal to the unpaid overtime owed;

   c. the costs of this action, and;

   d. a reasonable attorney's fee.

WHEREFORE, Plaintiff, MICHAEL GRANDY, prays that this court will grant judgment against all Defendant:

   a. awarding GRANDY payment of overtime compensation found by the court to be due to him under the Act, including pre-judgment interest;

   b. awarding GRANDY an additional equal amount as liquidated damages;

   c. awarding GRANDY his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

### Count II – Breach of Contract against ME TECHNOLOGY for Unpaid Commissions pursuant to Chapter 448 Florida Statutes

15. Plaintiff, MICHAEL GRANDY, realleges the allegations in paragraphs 1 through 9, as if fully set forth in Count II of Plaintiff's Complaint.

16. Defendant ME TECHNOLOGY's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

17. As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, additional overtime compensation as a result of

those commissions not being factored into the regular rate as required by 29 CFR § 778.117, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff requests judgment against Defendant ME TECHNOLOGY for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: January 14, 2021
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*